IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **JAMAL S. YANAKI,**<br><br>　　　　Plaintiff and Counterclaim<br>　　　　Defendant,<br><br>v.<br><br>**CHARLES J. DANIEL, M.D.**<br><br>　　　　Defendant and<br>　　　　Counterclaim Plaintiff. | **ORDER**<br><br>Case No. 2:07CV648 DAK |

　　　　This matter is before the court on (1) Defendant Charles J. Daniel, M.D.'s ("Dr. Daniel") Motion for Partial Summary Judgment, (2) Plaintiff Jamal S. Yanaki's ("Mr. Yanaki") Motion for Summary Judgment on the First Amended Complaint, and  (3) Mr. Yanaki's Motion for Summary Judgment on the Amended Counterclaim.   A hearing on the motions was held on November 5, 2008.  At the hearing, Dr. Daniel was represented by Matthew N. Evans.  Mr. Yanaki was represented by David W. Scofield.  Before the hearing, the court carefully considered the memoranda and other materials submitted by the parties.  Since taking the motions under advisement, the court has further considered the law and facts relating to these motions.  Now being fully advised, the court renders the following Order.

　　　　Mr. Yanaki has sued Dr. Daniel for allegedly breaching a stock purchase agreement.  Dr.

Daniel, in turn, has sued Mr. Yanaki, seeking rescission of the contract and asserting counterclaims for fraudulent inducement and violation of Utah's Uniform State Securities Act. Mr. Yanaki then filed an Amended Complaint, adding claims for fraud against Dr. Daniel. Both parties have moved for summary judgment on their claims.

The court has determined that there are too many material factual disputes to grant summary judgment on any of the claims asserted in this action, with the exception of Mr. Yanaki's fraud claims against Dr. Daniel. Mr. Yanaki has failed to set forth evidence establishing a fraud claim against Dr. Daniel, and thus, Mr. Yanaki's fraud claims are dismissed with prejudice.

As Dr. Daniel argued, even if he made the alleged "misrepresentations" claimed by Mr. Yanaki, Mr. Yanaki still entered into and executed the Bill of Sale for 130,000 shares on July 18, 2007 and filed a Complaint and Amended Complaint in this matter to enforce the contract. Mr. Yanaki has failed to set forth any evidence demonstrating that he would not have entered into the purchase agreement with Dr. Daniel if he had known that Dr. Daniel was looking to purchase stock at a lower price. Indeed, Mr. Yanaki seeks to enforce the agreement to this day. Thus, Mr. Yanaki has failed to show that any of Dr. Daniel's alleged misrepresentations were "material" or that they were facts that "a buyer or seller of ordinary intelligence and prudence would think to be of some importance in determining whether to buy or sell." *S & F. Supply Co. v. Hunter*, 527 P.2d 217 (Utah 1974).

Mr. Yanaki has also failed to show that Dr. Daniel's actions have caused him any injury. *See Howells, Inc. v. Nelson*, 565 P.2d 1147, 1149 (Utah 1977). Generally, to recover for fraud,

the plaintiff must prove detriment proximately caused by the defendant's tortious conduct. *Id*. Deception without resulting loss is not actionable fraud. *Id*. Here, Mr. Yanaki has sued to enforce the purchase agreement and has failed to show how Dr. Daniel's alleged misrepresentations damaged him or caused the value of his stock to decline. Accordingly, Mr. Yanaki has not demonstrated that Dr. Daniel's alleged misrepresentations caused Mr. Yanaki any damage, as he still seeks to enforce the Bill of Sale in spite of the alleged misrepresentations.

As to the remainder of Mr. Yanaki's claims against Dr. Daniel and Dr. Daniel's claims against Mr. Yanaki, there are material factual disputes that preclude the court from deciding these claims as a matter of law. Consequently, the court will set a three-day jury trial for a date after April 1, 2009. The parties will receive a notice of the trial date shortly after January 5, 2009. Approximately six weeks prior to trial, the court will send a Trial Order that contains instructions pertaining to jury instructions, voir dire, motions in limine, etc.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that (1) Defendant Charles J. Daniel, M.D.'s Motion for Partial Summary Judgment [docket # 33] is GRANTED in part and DENIED in part. Mr. Yanaki's fraud claims raised in his First Amended Complaint are DISMISSED with prejudice; (2) Plaintiff Jamal S. Yanaki's Motion for Summary Judgment on the First Amended Complaint [docket # 35] is DENIED; and (3) Mr. Yanaki's Motion for Summary Judgment on the Amended Counterclaim [docket # 36] is DENIED. Shortly after the new year, the court will set a three-day jury trial to begin after April 1, 2009.

DATED this 24th day of December, 2008.

        BY THE COURT:

        _____
        DALE A. KIMBALL
        United States District Judge