IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JAMAL S. YANAKI,<br>Plaintiff and Counterclaim Defendant,<br><br>vs.<br><br>CHARLES J. DANIEL, M.D.<br>Defendant and Counterclaim Plaintiff. | ORDER<br>and<br>NOTICE OF HEARING<br><br>Case No.  2:07CV648 DAK |

      On May 12, 2009, the first day of trial on this matter, an issue arose as to a possible conflict of interest regarding Mr. Pruyn-Goldstein's association with Ray Quinney & Nebeker ("RQ&N").  Mr. Pruyn-Goldstein had previously represented Mr. Yanaki and then was recently hired as a contract attorney by RQ&N, the firm representing Dr. Daniel.  This potential conflict did not become known to RQ&N until May 11, 2009, and RQ&N immediately notified Mr. Yanaki's counsel.  Also on the morning of May 12, 2009, Dr. Daniel's counsel raised an issue as to Mr. Scofield's prior representation of Bacterin International (Bacterin") and Mr. Guy Cook, Bacterin's CEO, whose interests are allegedly contrary to Mr. Scofield's client's interest in the instant case.

      Because of these two potential conflict issues, the May 12, 2009 trial was postponed until August 25, 2009, and the parties were granted leave to file briefs on the conflict issues, and, if necessary, to conduct discovery limited to these specific issues. Briefs were to be filed by July 2, 2009 and responses were to be filed by July 10, 2009.

Since that time, several motions have been filed: (1) Bacterin & Guy Cook's Motion to Quash Subpoenas & Otherwise Preserve Privilege (the "Motion to Quash"); (2) Mr. Yanaki's Motion for Extension of Time to Complete Discovery and Briefing or, in the Alternative, Prohibition Against Filing Motion to Disqualify Counsel for Plaintiff; (3) Mr. Yanaki's Motion to Disqualify Counsel for Defendant; and (4) Dr. Daniel's Motion to Disqualify Counsel and to Join Motion to Quash Subpoenas.

Mr. Yanaki has argued that the Motion to Quash must be heard in United States District Court for the District of Montana, the court from which the subpoenas were issued, and that this court has no jurisdiction over the motion. While briefing is not yet complete on any of the pending motions, to expedite and streamline this litigation, the court issues the following Order regarding its authority to rule on the Motion to Quash and also sets a time for oral argument on all the pending motions.

This court recognizes that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, many courts have determined that only the issuing court has the power to act on its subpoenas. *See*, *e.g.*, *Kearney v. Jandernoa*, 172 F.R.D. 381, 383 n.4 (N.D. Ill. 1997) (finding that the nonparty could not make a motion to quash in the trial court and that such a motion "must be filed and decided in the court from which the subpoena issued."); *Byrnes v. Jetnet Corp.*, 111 F.R.D. 68, 69 (M.D. N.C. 1986) (noting that enforcement of subpoenas under Rule 45 must be decided in the issuing court).

But that view is not unanimously held. In *Teoco Corp. v. Razorsight Corporation*,

the court found that "[n]ormally, disputes over discovery from a non-party are decided by the court which issued the subpoena, *unless the non-party consents that the matter be resolved by a court in another district.*" 2008 WL 724863, 1 (N.D.Cal. 2008); *see also Fincher v. Keller Industries, Inc.,* 129 F.R.D. 123, 125 (M.D.N.C.1990) (stating that transfers are "not possible when the issue involves a non-party who has not expressly or implicitly consented to such a transfer").

Moreover, in *Petersen v. Douglas County Bank & Trust Company*, the Tenth Circuit was confronted with a situation in which the plaintiff in a lawsuit filed in the United States Court for the District of Nebraska wished to depose a nonparty Kansas resident. That plaintiff properly applied to the Kansas district court for the issuance of a subpoena. The Kansas resident argued that the subpoenaed documents were privileged, and moved the Kansas district court to quash the subpoena. The Magistrate Judge in the Kansas court *sua sponte* determined that the Nebraska court more properly understood the issue of the case and could more intelligently rule on the motion to quash. Thus, the Magistrate Judge therefore ordered that the motion be transferred to the Nebraska court. The Kansas resident later appealed the Nebraska court's decision on the motion to quash and also appealed the earlier transfer order. *See Petersen*, 940 F.3d 1389, 1390-91 (10th Cir. 1991).

On appeal, the Tenth Circuit concluded, among other things, that "[n]othing in Rule 45 or the commentary thereto and no case cited to us . . . compels us to conclude that

only the Kansas magistrate had the authority to rule on a motion to quash, effectively prohibiting him from transferring the motion to Nebraska.  Accordingly, the transfer was not improper simply because the transferred matter involved a motion to quash under Rule 45." *Id*. at 1391.

This court finds that it has authority to decide the Motion to Quash, in light of the Tenth Circuit's recognition in *Douglas* that the issuing court is not the only court with authority to rule on a motion to quash, coupled with the fact that Bacterin and Mr. Guy Cook–both nonparties to this action–have not only consented to this court determining their motion to quash, but specifically chose to file their motion in this court rather than in the issuing court, where they reside.  **Accordingly, all currently pending motions will be heard by this court on Wednesday, July 22, 2009 at 10:30 a.m.**

DATED this 9th day of July, 2009.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge